2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit



4-18-2006

# Satkauskas v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3211

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Satkauskas v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1255.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1255

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3211
_____

MARTYNAS SATKAUSKAS,
Petitioner

vs.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No.  A95 377 385
on May 25, 2005
Immigration Judge: Esmeralda Cabrera

_____

Submitted Under Third Circuit LAR 34.1(a)
April 13, 2006
Before: FISHER, ALDISERT, WEIS, <u>CIRCUIT JUDGES</u>
(Filed: April 18, 2006)

_____

OPINION
_____

PER CURIAM.

Martynas Satkauskas, a native and citizen of Lithuania, petitions for review of an order of the Board of Immigration Appeals.  For the reasons that follow, the petition will be denied.

Satkauskas is a native and citizen of Lithuania. He arrived in the United States in June of 1998 on a J-1 exchange visitor visa, and was admitted for duration of status, but failed to maintain status. He applied for asylum, withholding of removal and protection under the United Nations Convention Against Torture (CAT), based on persecution he alleges he experienced as a homosexual in Lithuania. An Immigration Judge (IJ) found that Satkauskas' application for asylum was not timely filed within one year of his arrival, but found that even if the application was not barred, he had not met his burden of proof for asylum. The IJ noted some discrepancies between Satkauskas' oral testimony and his written submissions concerning how long he was hospitalized following a beating, and also questioned whether Satkauskas would remain in Lithuania to complete his university studies if he really feared persecution. The IJ found that because Satkauskas did not meet the burden of showing eligibility for asylum, he necessarily did not meet the higher burden for withholding of removal and did not establish a claim for protection under the CAT.

On appeal to the Board of Immigration Appeals (BIA), Satkauskas challenged the IJ's adverse credibility finding, arguing that the discrepancy regarding the number of days he was in hospital was immaterial, and explaining why he was unable to leave Lithuania earlier. The BIA dismissed the appeal, finding that Satkauskas had not established that his asylum application had been filed within a year, nor that he met any of the exceptions to the time-bar. The BIA also held "assuming the respondent's credibility, he has not established that it is more likely than not that he would be persecuted or tortured upon return to Lithuania."

Satkauskas then filed a petition for review. The Government argues that the petition should be dismissed because it was untimely filed. However, although the petition was not filed in this Court until June 27, 2005, Satkauskas did timely file it, albeit in the wrong court, the United States District Court for the District of New Jersey, on June 24, 2005. That Court stamped the petition on June 24, 2005, and forwarded it to this Court for filing pursuant to 28 U.S.C. § 1631. We therefore have jurisdiction to consider the petition.

In his brief, Satkauskas argues only that the IJ did not believe that he is gay and that her decision was based on her personal view in violation of due process. He argues that if he is returned to his country, he will be persecuted.

The BIA's determination that a petitioner will not face "persecution" or does not have a "well-founded fear of persecution" are findings of fact that we review under the deferential substantial evidence standard. Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). The BIA's findings thus must be upheld "unless the evidence not only supports a contrary conclusion, but compels it." Id. As noted above, the BIA did not base its decision on an adverse credibility finding; rather, it determined that Satkauskas had not met his burden of showing that it was more likely than not that he would be persecuted upon return to Lithuania. Upon review of the record, we find that the evidence does not compel a contrary conclusion. The petition is therefore denied.